**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3746

———————

UNITED STATES OF AMERICA

v.

KEITH N. WILLIAMS,

*Appellant*

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No.2-14-cr-00217-002
District Judge: Hon. Michael M. Baylson

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 13, 2023

Before: PORTER, FREEMAN, and FISHER, *Circuit Judges*

(Opinion filed: February 15, 2024)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FREEMAN, *Circuit Judge*.

Keith Williams appeals the denial of his motion to correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, we will vacate the District Court's order and remand for resentencing.

I

Williams was convicted of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At his sentencing in 2017, the District Court applied sentencing enhancements based on Williams' prior Pennsylvania convictions for robbery of a motor vehicle, in violation of 18 Pa. Cons. Stat. § 3702, and aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702(a)(1).  Williams did not appeal from his judgment of sentence.

In 2018, Williams filed a § 2255 motion.  He claimed that his sentencing enhancements are invalid based on *Johnson v. United States*, 576 U.S. 591 (2015), and that sentencing counsel was ineffective for failing to raise a *Johnson* challenge.  The District Court denied the § 2255 motion.  Williams timely appealed, and we granted a certificate of appealability as to both claims.

## II[1]

In 2018, we held that, in light of *Johnson*, a conviction for Pennsylvania aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(1) does not qualify for certain sentencing enhancements because it does not "categorically require[ ] 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Mayo*, 901 F.3d 218, 225 (3d Cir. 2018) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). We reaffirmed *Mayo*'s holding in *United States v. Harris*, 68 F.4th 140, 141-42 (3d Cir. 2023), and we denied a petition to rehear *Harris* en banc, *United States v. Harris*, 88 F.4th 458, 459 (3d Cir. 2023).

Under *Mayo* and *Harris*, Williams' aggravated assault convictions cannot serve as a basis for the enhancements that were applied at his sentencing. The government acknowledges that there was no alternative basis for the enhancements. Therefore, Williams' sentence is unlawful.

Williams' sentencing took place two years after *Johnson* was decided. His counsel performed deficiently by failing to raise a *Johnson* challenge at sentencing. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). That failure prejudiced Williams, so he is entitled to be resentenced. *See id.*

\* \* \*

For the reasons stated above, we will vacate the order denying Williams' motion to correct his sentence and remand this case to the District Court for resentencing.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.